(62 Misc. Rep. 396.)

COLBY v. BINGHAM, Police Com'r, et al.

(Supreme Court, Special Term, New York County. February, 1909.)

1. MUNICIPAL CORPORATIONS (§ 189*)—POLICE—LIABILITIES.

The right which a police officer has to prevent violations of all laws, arrest offenders, and carefully inspect houses of ill fame, and to repress all unlawful and disorderly conduct therein, does not clothe him with authority to violate rights of property and liberty, and where he does so he is a common trespasser.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 523; Dec. Dig. § 189.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. INJUNCTION (§ 105*) — GROUNDS OF RELIEF — ENFORCEMENT OF CRIMINAL LAWS.

The court will not restrain the enforcement of the criminal laws, nor prevent an arrest, even though the party charged with an offense asserts his innocence.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 178, 179; Dec. Dig. § 105.*]

3. INJUNCTION (§ 154*)—GROUNDS OF RELIEF—EXISTENCE OF OTHER REMEDY.

On a motion for an injunction, alleging that defendants, a police commissioner and a police captain, without charging plaintiff with the commission of a crime or presenting to a magistrate any evidence upon which a warrant could be obtained, had stationed an officer in front of plaintiff's home, who inquired of any person that might desire to enter his business and the purpose of his visit, and, if he should happen to have a package, compelled a disclosure of its contents, and that the officer assumed the right to follow callers into the house and to remain there until they left, defendants seeking to justify themselves on the ground that plaintiff was conducting a house of ill fame, and claiming that the remedy, if any, was by a criminal prosecution against defendants for oppression, under Pen. Code, § 556, the injunction was denied, that a test might be made of the adequacy of the suggested remedy, with leave to renew the motion, if such criminal prosecution should fail to afford the desired redress.

[Ed. Note.—For other cases, see Injunction, Dec. Dig. § 154.*]

Action by Carrie B. Colby against Theodore A. Bingham, as Police Commissioner, and another. Plaintiff applied for an injunction, which was denied, with leave to renew.

Charles L. Hoffman, for plaintiff.
Francis K. Pendleton, Corp. Counsel, for defendants.

ERLANGER, J. By this application it is not sought to restrain the police commissioner from enforcing the criminal law, nor in any way to interfere with him in the performance of his duties; but it is aimed to prevent the defendant Bingham, as police commissioner, and the defendant Daly, as police captain, from pursuing a course of conduct which, if the facts stated by plaintiff are true, presents a case of gross and brutal oppression, and in the last degree of an assumption of authority which the defendants do not possess. Without charging the plaintiff with the commission of a crime, or presenting to a police magistrate any evidence upon which a warrant could be obtained, they have assumed a dictatorship over her and her home, according to her story, which no court of justice should tolerate or approve. She states in her papers that the defendants have stationed an officer in front of her home, who inquires of any person that may desire to enter his business and purpose of his visit; and, if any caller should happen to have a package, as in the case of the butcher, grocer, or tailor, the spy or picket compels a disclosure of the contents of the package. Not only that, but the officer assumes the right to follow a caller into the house and to remain there until the visitor shall leave. This is abhorrent to all sense of justice. The defendants should know by this time, from repeated judicial utterances, that they are not above the law and

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

have no right of dictatorship over the citizens whose servants they are. The very fact that they do not arrest the plaintiff, or make any charge against her in a criminal court, increases the enormity of the wrong they are committing. If she were arrested, she would have her day in court and could meet any charge made against her; but, without undertaking to place the matter of their suspicions in a concrete form, which the plaintiff can meet, they arrogate to themselves the arbitrary authority to invade her home and presume to pass upon the respectability of the visitor.

The right which a police officer has to prevent violations of all laws, and detect and arrest offenders, and carefully observe and inspect all houses of ill fame and prostitution, and to repress and restrain all unlawful and disorderly conduct and practices therein, does not clothe the defendants with the authority they have assumed, if plaintiff's allegations are to be credited. Phelps v. McAdoo, 47 Misc. Rep. 524, 94 N. Y. Supp. 265; People v. Glennon, 175 N. Y. 45, 67 N. E. 125. The defendants suspect the plaintiff of having committed a misdemeanor. They, however, entirely disregarding the law, upon plaintiff's statement, are guilty of a more serious infraction of her rights than is the offense of which she is suspected. They violate her rights of property and of liberty, and are common trespassers, not only occasionally and at times, but continuously.

The defendants' counsel raises the question of power, but I am satisfied that this court is not so feeble that it cannot restrain a continuing illegal trespass. The court will not restrain the enforcement of the criminal laws, nor prevent a peace officer from making an arrest, where he charges a party with an offense against the law, even though the person so charged asserts his or her innocence. That issue must be tried in the criminal action. But here the plaintiff charges that the peace officer will not arrest and will not bring her before any tribunal, but, in the cloak of an autocrat, determines what shall transpire in her home and who may visit her. If equity cannot aid such a cause, then all her powers are visionary, and the boast of the law that there is no wrong without a remedy becomes but a well-sounding phrase.

The defendants seeks to justify themselves by the claim that the plaintiff is conducting a disorderly house. Proof of two convictions is furnished, one on February 15, 1907, and the other on April 14, 1908; and it is stated in the affidavit of the defendant Daly that, for the period of about a year, commencing April, 1907, plaintiff was not attempting to carry on the business of a disorderly house. If she is conducting this illegal business, the duty of the defendant is clearly laid down in People v. Glennon, supra. If the defendants have witnessed a violation of the law, they are justified in making an arrest without a warrant, and if, possessing the evidence, they have not witnessed the offense they should apply for a warrant; but "conscious knowledge" of the fact does not justify them in repressing or restraining unlawful conduct, by forcibly entering her abode. They may enter, if they can obtain admission peaceably and without violation of law; but there is no provision of the charter or of any statute that justifies forcible entry under the claim that it is for the purpose of "ob-

serving and inspecting" the premises. People v. Summers, 40 Misc. Rep. 384, 82 N. Y. Supp. 297.

Even persons of blemished fame are protected under our laws, and the right to oppress exists no more in their case than in the case of one of fairer fame.' If the right to station uniformed pickets in front of plaintiff's residence and to address every caller and inspect every package exists, it can only be because of some expressions found in Delaney v. Flood, 183 N. Y. 323, 76 N. E. 209, 2 L. R. A. (N. S.) 678, 111 Am. St. Rep. 759, which, by the way, was practically decided against the plaintiff by default in failing to appear to argue the appeal. The expressions relied on are that, if the plaintiff has been oppressed and injured, she may invoke the Penal Code (section 556), or have an action at law for her damages.

As to the action for damages, it is no substantial substitute for relief in equity in the case at bar. That suggested remedy is rather a form than a practical redress, for here the trespasses are continuing and there is no dispute as to defendants' intent to continue their complained of conduct. In these circumstances, how can plaintiff ever establish adequately the damages that she has sustained and will sustain in her property and personal rights; and how many suits must she bring before the trespasses will cease? Then, again, are these acts to continue pending the months of delay intermediate the commencement of the suit and its trial? If so, the inadequacy of this relief as a substitute for injunctive redress is obvious.

As to a prosecution under section 556 of the Penal Code, that is a proceeding which is conducted by the district attorney in the name of the people, and does not supersede the civil remedies which our laws accord to a person whose personal rights and property are being daily invaded and outraged. Moreover, will a conviction for this misdemeanor and a small fine against the offender be adequate compensation to the plaintiff, especially if the picketing should, as it may, continue, notwithstanding the conviction? When a peace officer has made an arrest without a warrant, maliciously and unlawfully, it has never been considered an answer to an action for false arrest that the remedy was a criminal prosecution under section 556 for oppression. Why, then, should equity, the only tribunal where adequate and complete relief can be afforded, refuse to take cognizance of the suit because, perchance, a conviction can be secured for the offense of oppression?

If this plaintiff is being oppressed to a point where her personal rights and property are suffering daily, and she has suffered damages, complete relief, it seems to me, can only be afforded in a suit in which the past injury can be compensated for, and a decree framed to prevent future interference with her rights, without obstructing, in the slightest degree, the orderly enforcement of the criminal laws by the defendants.

In view, however, of the insistence of the corporation counsel that the remedy pointed out in Delaney v. Flood, supra, should be pursued, I have concluded, under the peculiar circumstances of this case, that a test should be made of the adequacy of the suggested remedy. If the plaintiff causes to be instituted a criminal prosecution for oppression,·

and should fail to secure the desired redress through no fault of her own, then the futility of the proposed relief will have been made manifest, and will justify a renewal of this application.

Motion denied, with leave to renew.